IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JIMMIE DALE FRAZIER, JR.                                          PLAINTIFF

        v.                  Civil No. 04-5140

SHERIFF KEITH FERGUSON; MAJOR
GENE DRAKE; CAPTAIN HUNTER PETRAY;
LT. HENDRICK; the BENTON COUNTY
DETENTION CENTER DIETICIAN; and
the BENTON COUNTY DETENTION CENTER
KITCHEN SUPERVISOR                                          DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jimmie Dale Frazier, Jr. brings this pro se civil rights action contending that his religious rights were violated while he was detained in the Benton County Detention Center.

On June 24, 2005, the defendants who have been served filed a motion for summary judgment (Doc. 19). By order entered on August 12, 2005, Frazier was directed to complete, sign, date, and return by September 9, 2005 an attached questionnaire that would serve as his response to the defendants' summary judgment motion. On September 20, 2005, plaintiff's response (Doc. 23) was filed.

On January 30, 2006, the undersigned entered a report, recommending that the summary judgment motion be granted as to plaintiff's First Amendment claims brought under 42 U.S.C. § 1983 and that those claims be dismissed with prejudice. Further, the undersigned noted that plaintiff's claim that the defendants' action violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq. was still before the court.

On February 1, 2006, the undersigned entered an order directing defendants to file a

second summary judgment motion on or before March 1, 2006, addressing the claim of whether the defendants' actions violated RLUIPA. (Doc. 26.) On February 27, 2006, the district court adopted the report and recommendation. (Doc. 27.) On March 1, 2006, defendants filed a second summary judgment motion (Docs. 28-30), addressing the RLUIPA claim. On June 2, 2006, the undersigned entered an order directing the plaintiff to respond to the summary judgment motion on or before June 23, 2006. To date, plaintiff has not responded to the second motion for summary judgment.

Now before for the undersigned for issuance of this report and recommendation is defendants' second motion for summary judgment (Doc. 28).

## I. Background

The following factual background is based on plaintiff's response (Doc. 23) to defendants' first motion for summary judgment (Doc. 19).

Frazier was booked into the Benton County Detention Center (BCDC) on October 21, 2003. On March 24, 2004, he filed a medical request, informing the defendants that due to his religious observances, he "must undergo the abstemious ritual of self-purification of which animal flesh may not be consumed as part of my gastronomic intake." He indicated that this "ritual" was based on his beliefs as a Seventh-day Adventist. Frazier was immediately switched to a jail-issued vegetarian tray. (Doc. 23 at ¶¶ 1-4.)

Two months later on May 31, Frazier filed a grievance, stating that while he was thankful for the vegetarian trays, the trays did contain eggs, cheese, milk, and jell-o, which were animal by-products and thus not allowable foods for the "ritual." Major Gene Drake responded that the vegetarian trays had been designed by a licensed dietician. (Doc. 23 at ¶¶ 5-6.) On June 8,

Frazier filed another grievance, stating that his religious observances of self purification required him to abstain from animal flesh and animal byproducts and that the jail officials' oversight in including animal byproducts on his tray jeopardized his religious freedoms. To this grievance, Captain Petray responded that vegetarian diet had been created by a registered dietician. (Doc. 23 at ¶¶ 7-8.) Based on the exhibits attached to the defendants' Statement of Indisputable Facts in Support of Motion for Summary Judgment, these menus were designed by Aramark Correctional Services, Inc. (Doc. 21 at Ex. 2.) In a June 16 grievance, Frazier asked why gelatin, eggs, and cheese were included on his vegetarian trays, and Captain Petray responded, "Mr. Frazier, you requested a vegetarian tray and that is what you are receiving." (Doc. 23 at ¶¶ 9-10.)

On August 27, Frazier filed two grievances about one occasion where fish was included on his vegetarian tray, and that Deputy McCullum (who is not a defendant) told him to eat around the fish. Captain Petray responded that he would check with the kitchen staff regarding the grievances. (Doc. 23 at ¶¶ 12-14, 21.) Fish was not included on any of the plaintiff's other meal trays. (Doc. 23 at ¶ 21.)

Seventh-day Adventists practice a vegetarian dietary lifestyle. The Seventh-day Adventist Health Statement recommends a "lacto-ovo" vegetarian diet. A "lacto-ovo" vegetarian diet includes diary products and eggs, along with all plant foods, such as grains, fruits, and vegetables, pulses and legumes, and nuts and seeds. (Doc. 23 at ¶¶ 16-18.) While Frazier agrees with the general health statement concerning the official Seventh-day Adventist diet, he contends that he is part of small minority of followers (approximately 2%) who practice a strict vegan diet, which means that he does not consume "any animal derived products." (Doc. 23 at ¶¶ 17-18,

-3-

22.) Frazier acknowledges that the vegetarian trays given at the BCDC "comply with the religious requirements of the SDA faith, they do 'not' comply with the SDA's that are strict Vegans," and he stated that the "BCDC dietary menus do 'not' provide for the individual SDA who prefers a Vegan diet." (Doc. 23 at ¶ 22 and pg. 13.)

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d 607 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## III. Discussion

Defendants make three arguments in their second motion for summary judgment: (1) that plaintiff failed to plead a RLUIPA claim, (2) that defendants are sued in their official capacities

only and there is no proof of an unconstitutional custom or policy, and (3) that defendants' actions did not violate RLIUPA. (Doc. 29.)

Defendants contend that plaintiff's complaint only raised claims under the Religious Freedom Restoration Act (RFRA), which largely invalidated by the Supreme Court. *See City of Boerne v. Flores*, 521 U.S. 507, 532-36, 117 S. Ct. 2157, 138 L. Ed. 2d 624 (1997). Defendants contend that because plaintiff failed to indicate in the complaint that he was bringing his claims under RLUIPA, the successor to RFRA, the court should not construe the complaint as raising those claims. The defendants are correct in that plaintiff's complaint does not allege a violation of RLUIPA, however plaintiff does state in his addendum (Doc. 6 at ¶ 3) that the actions violated his rights under RFRA.

In *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 467 (8th Cir. 2005) (unpublished per curiam), the Eighth Circuit, on remand, instructed the district court to consider a pro se plaintiff's RFRA claims under RLUIPA. Therefore, it is proper for the court to consider Frazier's claims as though he intended to bring them under RLUIPA.

RLUIPA provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 2 of the Civil Rights of Institutionalized Person Act (42 U.S.C. § 1997), even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person - (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

RLUIPA requires Frazier to show, as a threshold matter, that there is a substantial burden on his ability to exercise his religion. *See* 42 U.S.C. § 2000cc-2(b). To constitute a substantial

-5-

burden, the government policy or actions:

> must "significantly inhibit or constrain conduct or expression that manifests some central tenet of a [person's] individual [religious] beliefs; must meaningfully curtail a [person's] ability to express adherence to his or her faith; or must deny a [person] reasonable opportunities to engage in those activities that are fundamental to a [person's] religion."

*Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997).

Defendants argue that the plaintiff has failed to show that there was a substantial burden on his ability to exercise his religion as he was provided with a "lacto-ovo" vegetarian diet, consistent with the fundamental beliefs of the Seventh-day Adventist faith. Defendants contend that the plaintiff has failed to produce evidence that a stricter "vegan" diet was a central tenant of his faith.

Whether or not adherence to a strict vegan diet is a sincerely held religious belief central to the plaintiff's practice of his faith is a factual question that we need not determine at this time. *See Ochs v. Thalacker*, 90 F.3d 293, 296 (8th Cir. 1996). For purposes of summary judgment, we assume that the plaintiff's adherence to a strict vegan diet is necessary to the practice of his faith.

The question considered then, is whether the providing of a "lacto-ovo" vegetarian diet to an inmate who is a strict vegan based on religious principles substantially burdens that inmate's ability to practice his faith. The mere fact that plaintiff was occasionally provided foods, such as eggs, gelatin, and cheese (Doc. 1.) that are not components of a strict vegan diet does not mean that plaintiff was forced to consume these items in violation of his religious faith. A review of the dietary plans provided by the defendants shows that, in addition to eggs, gelatin, and cheese, the lacto-ovo diet includes several other foods that plaintiff could consume and

maintain adherence to his religious faith and a proper diet. Therefore, plaintiff has failed to meet his burden to show that the defendants' actions substantially burdened the exercise of his religious beliefs. Accordingly, defendants are entitled to summary judgment on plaintiff's RLUIPA claim.

Furthermore, defendants assert in their first motion for summary judgment (Doc. 19) that plaintiff's claims are barred by qualified immunity. Qualified immunity protects defendants performing discretionary functions from liability for civil damages so long as their conduct does not violate a clearly established constitutional or statutory right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73, L. Ed. 2d 396 (1982).

The law is clear that under RLUIPA, no government may impose a substantial burden on the religious exercise of an individual confined to an institution. The Supreme Court has explained that

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*See Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (citations omitted). It is obvious, based on the record before the court, that a reasonable jail official would believe that the "lacto-ovo" diet provided to the plaintiff met the dietary restrictions of his Seventh-day Adventist faith, and therefore defendants are entitled to qualified immunity on the RLUIPA claim.

### IV. Conclusion

I therefore recommend that defendants' motion (Doc. 28) for summary judgment be granted.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of June 2006.

/s/ Beverly Stites Jones
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)